1  **FAC**
JACOB T. S. VALENTINE, ESQ. (16324)
2  CHRISTOPHER M. PETERSON, ESQ. (13932)
**AMERICAN CIVIL LIBERTIES**
3  **UNION OF NEVADA**
4362 W. Cheyenne Ave.
4  North Las Vegas, NV 89032
Telephone: (702) 366-1226
5  Facsimile: (702) 830-9205
Emails: jvalentine@aclunv.org
6         peterson@aclunv.org
*Attorneys for Plaintiff*
7

8              **UNITED STATES DISTRICT COURT**

9                  **DISTRICT OF NEVADA**

10  **Lance Downes-Covington**, an individual,

11              Plaintiff,                    Case No.: 2:25-cv-737

12        vs.

13  **City of Las Vegas**, a political subdivision of the    **First Amended Complaint and Jury**
    state of Nevada; **Sergio Guzman**, in their           **Demand**
14  individual capacity; **Sarkis Jopalian**, in their
    individual capacity; **Paul Hartz**, in their individual    **Arbitration Exemption Claimed:**
15  capacity; **Janelle Mazza**, in their individual         **Equitable, Injunctive, and**
    capacity; and **Doe Las Vegas City Marshals 1-10**,    **Declaratory Relief Requested**
16  in their individual capacity,

17              Defendants.

18        Plaintiff Lance Downes-Covington brings this Complaint to remedy the violation of his

19  rights under the Fourth Amendment of the United States Constitution, Article 1, Section 18 of the

20  Nevada Constitution, and Nevada tort law based on Defendants' actions.  Plaintiff seeks an order

21  declaring that the Las Vegas City Marshals Office misinterpreted the scope of its authority in

22  carrying out law enforcement activity under Nevada law; injunctive relief; monetary damages for

23  violations of Plaintiff's rights under the U. S. and Nevada constitutions; monetary damages for the

24  torts inflicted upon Plaintiff; as well as costs and attorney fees.

## I.  JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. § 1343, as an action arising under the laws and Constitution of the United States.

2.      This Court has jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367(a).

3.      This Court has jurisdiction pursuant to the Fourth Amendment to the United States Constitution.

4.      Venue is proper as Defendant City of Las Vegas is a political subdivision within Nevada; Defendant Sergio Guzman is a resident of Nevada; and, upon information and belief, all other Defendants are residents of Nevada.

5.      Venue is proper pursuant to 28 U.S.C. §1391(b) as the events giving rise to these claims occurred in the District of Nevada, specifically the City of Las Vegas.

## II.  PARTIES

6.      Plaintiff Lance Downes-Covington is and was at all times relevant to this Complaint a resident of Clark County, Nevada, over the age of 18, and subject to the unlawful actions of Defendants.

7.      The City of Las Vegas is a political subdivision of the state of Nevada.

8.      The City of Las Vegas manages and controls the Las Vegas City Marshals Office which is a "unit of specialized law enforcement" (NRS 280.125) consisting of "peace officers with limited jurisdiction" (NRS 171.1223) within the City of Las Vegas, Department of Public Safety.

9.      Defendant Sergio Guzman is and was at all times relevant in this Complaint a resident of Clark County Nevada, an employee of the City of Las Vegas, and a member of the Las Vegas City Marshals.

10.     Defendant Sarkis Jopalian is and was at all times relevant in this Complaint a resident of Clark County Nevada, an employee of the City of Las Vegas, a member of the Las Vegas City Marshals, and a supervisor of Defendant Guzman.

11.     Defendant Paul Hartz is and was at all times relevant in this Complaint a resident of Clark County Nevada, an employee of the City of Las Vegas, a member of the Las Vegas City Marshals, and a supervisor of Defendant Guzman.

12.     Defendant Janelle Mazza is and was at all times relevant in this Complaint a resident of Clark County Nevada, an employee of the City of Las Vegas, and a member of the Las Vegas City Marshals.

13.     Doe Las Vegas Marshals 1-10 are and were at all times relevant in this Complaint residents of Clark County Nevada, employees of the City of Las Vegas and members of the Las Vegas City Marshals.

14.     Defendants Sergio Guzman, Defendant Sarkis Jopalian, Defendant Paul Hartz, Defendant Janelle Mazza, and Doe Las Vegas Marshals 1-10 will hereinafter be referred to as "Marshal Defendants."

**III.   STATEMENT OF FACTS**

*Violation of Mr. Downes-Covington's Rights on April 29, 2023*

15.      On April 29, 2023, at around 11 PM PST Plaintiff Lance Downes-Covington was driving near the intersection of Simmons Street and Holly Avenue in Las Vegas Nevada, 89106, headed to his place of residence.

16.     As Plaintiff was headed home, he saw the flashing lights of Defendant Sergio Guzman's squad car.

17.     Plaintiff then pulled over to a safe location within his community.

18.     Plaintiff rolled down his window and waited for Defendant Guzman to approach.

19.     Defendant Guzman, from his squad car, shouted for Plaintiff to turn off his car.

20.     Plaintiff informed Defendant Guzman that his car was off.

21.     Defendant Guzman, still near his squad car, told Plaintiff to put his hands outside the window.

22.     Plaintiff did so and Defendant Guzman approached Plaintiff's vehicle.

23.     Defendant Guzman then asked Plaintiff to roll down all of the windows in his vehicle and Plaintiff asked why.

24.     Defendant Guzman responded to this by telling Plaintiff "want me to pull you out the car I'll pull you out the car."

25.     Plaintiff stated that he would willingly step outside the car if needed and Defendant Guzman instructed him to do so.

26.     Plaintiff began to open his door and roll his window up.

27.     As Plaintiff exited his car with his hands visible, Defendant Guzman drew his firearm and began shouting at Mr. Downes-Covington not to put his window up without permission, show his hands, and walk to the front of Defendant Guzman's squad car.

28.     Plaintiff slowly and carefully walked to the front of Defendant Guzman's squad car and placed his hands on the hood as instructed.

29.      Plaintiff informed Defendant Guzman that he is a city employee on his way home from the airport and told Defendants Guzman that his plane ticket was still in his back pocket.

30.     Defendant Guzman then yelled for Plaintiff to face forward and approached Plaintiff stating that he is "not going to play these games."

31.     Plaintiff explained that "this is not a game" and that for his safety he needed to be able to see Defendant Guzman as well.

32.    Defendant Guzman pulled Plaintiff's wrists behind his back, shoved Plaintiff's upper half over the squad car, and shouted that Plaintiff will be tased if he does not put his hands behind his back.

33.    Defendant Guzman then shoved a taser into Plaintiff's ribs and pinned him to the front of the squad car.

34.    Plaintiff slowly and carefully placed his hands behind his back and Defendant Guzman placed handcuffs on one wrist and then shoved Plaintiff forward while torquing his arm around.

35.    In pain, Plaintiff pleaded with Defendant Guzman to relax.

36.    Defendant Guzman told Plaintiff that he is being placed under arrest and Plaintiff asked for the reason for the arrest.

37.    Defendant Guzman then threw Plaintiff face first on to the ground.

38.    From the ground, Plaintiff shouted for help from a nearby neighbor and asked that neighbor to observe the incident.

39.    While still on the ground Plaintiff asked Defendant Guzman "if you could, could you get your knee off my knee please," which Defendant Guzman refused.

40.    Defendant Guzman eventually rolled Plaintiff to his side, still on the ground.

41.    Defendants Mazza and Jopalian then arrived.

42.    Once these other Marshals arrived, Defendant Guzman said to Plainitff, "so now you're gonna be cool with me."

43.    In total Defendant Guzman left Plaintiff laying on the ground for over three minutes.

44.    Defendant Guzman and Defendant Mazza then grabbed Plaintiff by the arms, told him that they would lift him on three, and then yanked him to hit feet without any countdown.

45.    Once Plaintiff was on his feet, multiple other Las Vegas City Marshals arrived.

46.    As his pockets were being emptied by Defendants Guzman, Mazza, and Jopalian Plaintiff let the Marshals know that he was just headed home from the airport.

47.    Defendant Guzman then informed Plaintiff that he was under arrest and placed him in the back of a squad car.

48.    Approximately seven squad cars arrived on the scene and Plaintiff was paraded around between the squad cars in front of his neighbors and interviewed multiple times.

49.    A Las Vegas City Marshal who appeared to be Defendant Hartz arrived and Defendant Guzman had a conversation with him which is not available in the body camera footage currently available to Plaintiff.

50.    Multiple Marshals discussed Plaintiff's employment with him and talked about it to one another.

51.    Defendant Guzman stated to another officer about Plaintiff, "he works for the city, he should know better."

52.    Plaintiff was visibly distraught during this incident.

53.    During the incident Plaintiff pleaded with the Marshals and stated that he did not want his neighbors to see him like this and that he is not a criminal.

54.    Emergency medical services eventually arrived and checked out Plaintiff.

55.    Plaintiff stated to emergency services that his head was slammed into the ground during the arrest.

56.    Plaintiff also stated to emergency medical services that he had pain in his shoulders.

57.    Plaintiff was informed by the Marshal Defendants that he is going to receive a citation for not stopping at a stop sign/stopping for emergency lights and a separate citation for obstructing and resisting.

58.     The Marshal Defendants then informed Plaintiff that he would be taken to jail for the obstructing and resisting citation.

59.     At no point had Defendant Jopalian attempted to release Plaintiff or remove Defendant Guzman from the situation.

60.     At no point had Defendant Hartz attempted to release Plaintiff or remove Defendant Guzman from the situation.

61.     Defendant Mazza transported Plaintiff to the Las Vegas Detention Center where he was medically referred out due to pain and transported to University Medical Center Southern Nevada.

62.     The Marshal Defendants cited Plaintiff and then released him from custody while at the University Medical Center Southern Nevada at around 03:00 AM PST on April 30, 2023.

63.     Plaintiff refuted the citation for not stopping.

64.     Plaintiff refuted the citation for obstructing and resisting.

65.     To dispute these charges, Plaintiff was required to hire a private attorney.

66.     Both citations were dismissed and Plaintiff was never charged for either citation.

*Plaintiff's Physical and Emotional Distress*

67.     As a result of these events, Plaintiff has suffered damages.

68.     Plaintiff is anxious when driving and when interacting with members of the Las Vegas City Marshals which he must do in his job.

69.     Since this incident, Plaintiff has suffered migraines.

70.     Since this incident, Plaintiff has required medical treatment, counseling, and has been prescribed medication related to the incident.

71.     Since this incident, Plaintiff has frequently been unable to sleep causing significant hardship.

1    72.    Sometime after the incident, Plaintiff saw Defendant Guzman at Plaintiff's place of

2    business which caused Plaintiff to suffer a panic attack and Plaintiff had to temporarily break from

3    his duties due to the fact that his nose began bleeding due to the mental distress.

4    73.    Plaintiff has received medical treatment for the abuse he suffered during the

5    incident.

6    74.    Plaintiff suffered extreme humiliation due to the abuse he suffered at the hands of

7    the Marshal Defendants, the subsequent arrival of around six additional squad cars, the Marshal

8    Defendants parading Plaintiff up and down his street in handcuffs, and the Marshal Defendants

9    constant references to Plaintiff's employment with the City of Las Vegas.

10    **IV.    CAUSES OF ACTION RELATED TO THE U. S. CONSTITUTION**

11    **A. First Cause of Action: Violation of the Fourth Amendment to the Constitution of the United States under 42 U.S.C. § 1983 for unreasonable search and seizure (against Marshal Defendants)**

12

13    75.    Plaintiff repeats and realleges the above paragraphs as though they were fully set

14    forth herein.

15    76.    Plaintiff brings this cause of action against Marshal Defendants.

16    77.    42 U.S.C. § 1983 provides, in part, that "every person who, under color of any

17    statute, ordinance, regulation, custom, or usage of any State of Territory subjects, or causes to be

18    subjected, any person of the United States or other person within the jurisdiction thereof to the

19    deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be

20    liable to the party injured in any action at law, suit at equity or other proper proceedings."

21    78.    At all relevant times, Marshal Defendants acted under color of state law in their

22    capacities as Las Vegas City Marshals.

23    79.    The Fourth Amendment guarantees the right to be free from unreasonable searches

24    and seizures. U.S. Const. amend IV.

80. A traffic stop constitutes a seizure under the Fourth Amendment and must be justified by either probable cause of a traffic violation or reasonable suspicion of criminal activity. *Whren v. United States*, 517 U.S. 806, 810 (1996).

81. For stops based on suspected criminal conduct, officers must identify "specific, articulable facts" supporting a reasonable inference of wrongdoing. *United States v. Thomas*, 211 F.3d 1186, 1189 (9th Cir. 2000).

82. Arrests without probable cause violate the Fourth Amendment's guarantee of security from unreasonable searches and seizures.

83. The Fourteenth Amendment applies these Fourth amendment protections to state actors.

84. Marshal Defendants' conduct constituted a warrantless arrest.

85. Marshal Defendants deprived Plaintiff of his Fourth Amendment right against unreasonable search and seizure when Marshal Defendants stopped, detained, searched, and arrested him, taking him to Las Vegas Detention Center without probable cause of a traffic violation.

86. Marshal Defendants deprived Plaintiff of his Fourth Amendment right against unreasonable search and seizure when Marshal Defendants stopped, detained, searched, and arrested him, taking him to Las Vegas Detention Center without reasonable suspicion of criminal activity.

87. Marshal Defendants deprived Plaintiff of his Fourth Amendment right against unreasonable search and seizure when Marshal Defendants stopped, detained, searched, and arrested him, taking him to Las Vegas Detention Center outside of the scope of Marshal Defendants authority as peace officers with limited jurisdiction.

1   88.     Marshal Defendants intended to use their power and authority to bully and harass

2   Plaintiff without justification or lawful reason.

3   89.     Plaintiff has suffered and continues to suffer mental anguish, physical and

4   emotional distress, humiliation, and embarrassment as a direct result of Defendants' actions.

5   90.     As a direct and proximate result of Marshal Defendants' actions and inactions,

6   Plaintiff has suffered physical and emotional injuries, has required medical treatment for those

7   injuries, and will require medical treatment in the future. He has suffered past and present pain and

8   suffering and will continue to suffer in the future.

9   91.     Plaintiff is entitled to compensatory, proximate, and punitive damages.

10  92.     Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff is entitled to reasonable

11  attorney's fees and costs against the Defendants.

12  **B. Second Cause of Action: Violation of the Fourth Amendment to the Constitution of the United States under 42 U.S.C. § 1983 for unreasonable search and seizure (against Defendant City of Las Vegas)**

13

14  93.     Plaintiff repeats and realleges the above paragraphs as though they were fully set

15  forth herein.

16  94.     Plaintiff brings this cause of action against Defendant City of Las Vegas.

17  95.     A government entity may be held liable for a violation of rights under 42 U.S.C. §

18  1983 when the government entity has a practice, policy, or custom which violates the constitutional

19  rights at issue. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018 (1978).

20  96.     In the 1970s, Las Vegas and Clark County merged their police departments to form

21  the Las Vegas Metropolitan Police Department (LVMPD) which took over general law

22  enforcement within the Las Vegas Metropolitan Area.

23  97.     In 1993, Nevada passed a law allowing Las Vegas to have city marshals but these

24  marshals were only supposed to have authority over city-owned or city-controlled property. NRS

1  § 280.125 (specifically limiting the jurisdiction of the Las Vegas City Marshals to places like city

2  parks, city buildings, and the city jail.)

3       98.     The Las Vegas Deputy City Marshals is a unit of specialized law enforcement

4  consisting of peace officers with limited jurisdiction.

5       99.     Under Nevada law, NRS 280.125, the Las Vegas City Marshals are limited to the

6  following policing actions:

7          a.   Prepare, sign and serve citations related to violations of the Las Vegas Municipal

8             Code;

9          b.   Enforce state laws and city and county ordinances on real property owned, leased or

10             otherwise under the control of the participating political subdivision;

11          c.   Serve warrants of arrest issued by the Las Vegas Municipal Court;

12          d.   Remove abandoned vehicles; and

13          e.   Respond to Category A felonies until the primary law enforcement agency arrives.

14       100.    The City of Las Vegas's own ordinance, LVMC § 2.28.080, clearly states that the

15  Marshals can only enforce laws on property the City owns, leases, or manages.

16       101.    Routine traffic stops fall outside the scope of the Las Vegas City Marshals

17  jurisdiction and authority.

18       102.    The City of Las Vegas itself has admitted, in court filings as recently as 2023, that

19  Las Vegas City Marshals consist of peace officers with limited jurisdiction whose primary role is

20  to protect city property and run the city jail.

21       103.    On March 28, 2025, a lawsuit was filed in this Court pleading similar claims

22  regarding a traffic stop and the Las Vegas City Marshal's limited authority. *Myers v. City of Las*

23  *Vegas,* Case No: 2:25-cv-00562.

24

104.    Despite clear law to the contrary, the Las Vegas City Marshal's website states that the Marshals are "authorized to enforce all municipal street and traffic laws as well as state vehicle laws applicable to city roadways."

105.    The City of Las Vegas is ratifying and encouraging the Las Vegas City Marshal's to exceed their authority and jurisdiction by conducting traffic stops on city roadways.

106.    In 2014, former Clark County District Attorney David Roger wrote a legal memo confirming that the Las Vegas City Marshals' authority is limited to city property and pointed out that agreements with other agencies can't legally expand their jurisdiction.

107.    The legislative history confirms these limits and when lawmakers discussed these rules, city officials explained that marshals and park rangers were only supposed to enforce laws on city property and not everywhere in the city.

108.    The legislative history is clear that the purpose was to let the Marshals handle law enforcement on city property and take some burden off the LVMPD, not to give the Marshals citywide, overlapping authority.

109.    Despite the Las Vegas City Marshals clearly limited scope of authority, Defendant City of Las Vegas has instructed, trained, endorsed, and permitted the Marshal Defendants to engage in the unconstitutional policing described throughout this complaint and had and still has policies, procedures, and customs which endorse the Marshal Defendants unconstitutional policing described throughout this complaint.

110.    At all relevant times, Marshal Defendants acted pursuant to a policy or custom which instructed, allowed, and trained members of the Marshal Defendants to conduct traffic stops and other police activities exceeding the permissible scope of the Marshals authority.

111.    Defendants failed to adopt clear policies and failed to properly train members of the Las Vegas City Marshals as to their proper role as peace officers with limited jurisdiction.

112.    Defendant's policy or custom, and its failure to adopt clear policies and failure to properly train its officers, was a direct and proximate cause of the constitutional deprivations suffered by Plaintiff.

113.    Due to these failures by Defendant City of Las Vegas, Plaintiff was deprived of his constitutional right to be free from unreasonable searches and seizures.

114.    Defendant Jopalian was a supervisor of Defendant Guzman at the time of the incident.

115.    Defendant Jopalian failed to remedy and halt the constitutional violations of Plaintiff once he arrived on the scene which constitutes ratification of the actions by the Las Vegas City Marshals.

116.    Defendant Hartz was a supervisor of Defendant Guzman at the time of the incident.

117.    Defendant Hartz failed to remedy and halt the constitutional violations of Plaintiff once he arrived on the scene which constitutes ratification of the actions by the Las Vegas City Marshals.

118.    Upon information and belief, Defendant City of Las Vegas failed to reprimand Defendant Guzman for his actions during the incident.

119.    Plaintiff has suffered and continues to suffer mental anguish, physical and emotional distress, humiliation, and embarrassment as a direct result of Defendants' actions.

120.    As a direct and proximate result of Defendants' actions and inactions, Plaintiff has suffered physical and emotional injuries, has required medical treatment for those injuries, and will require medical treatment in the future. He has suffered past and present pain and suffering and will continue to suffer in the future.

121.    Plaintiff is entitled to compensatory, proximate, and punitive damages.

122.    Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff is entitled to reasonable attorney's fees and costs against the Defendants.

**C. Third Cause of Action: Violation of the Fourth Amendment to the Constitution of the United States under 42 U.S.C. § 1983 for prolonged detention (against Marshal Defendants)**

123.    Plaintiff repeats and realleges the above paragraphs as though they were fully set forth herein.

124.    Plaintiff brings this cause of action against Marshal Defendants.

125.    42 U.S.C. § 1983 provides, in part, that "every person who, under color of any statute, ordinance, regulation, custom, or usage of any State of Territory subjects, or causes to be subjected, any person of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in any action at law, suit at equity or other proper proceedings."

126.    At all relevant times, Marshal Defendants acted under color of state law in their capacities as Las Vegas City Marshals.

127.    The Fourth Amendment prohibits officers from prolonging a traffic stop beyond the time required to address the initial violation without independent reasonable suspicion of other crimes. *Rodriguez v. United States*, 575 U.S. 348, 357 (2015); U.S. Const. amend IV.

128.    The Fourteenth Amendment applies these Fourth amendment protections to state actors.

129.    Marshal Defendants deprived Plaintiff of his Fourth Amendment right against prolonged detention when Marshal Defendants stopped, detained, searched, and arrested him, taking him to Las Vegas Detention Center in excess of their jurisdiction as peace officers with limited jurisdiction.

130. Marshal Defendants prolonged Plaintiff's traffic stop well beyond the time required to address any alleged traffic violations without any reasonable suspicion that any other crimes had been committed by Plaintiff.

131. Marshal Defendants detained Plaintiff for approximately four hours.

132. Marshal Defendants intended to use their power and authority to bully and harass Plaintiff without justification or lawful reason.

133. Plaintiff has suffered and continues to suffer mental anguish, physical and emotional distress, humiliation, and embarrassment as a direct result of Defendants' actions.

134. As a direct and proximate result of Marshal Defendants' actions and inactions, Plaintiff has suffered physical and emotional injuries, has required medical treatment for those injuries, and will require medical treatment in the future. He has suffered past and present pain and suffering and will continue to suffer in the future.

135. Plaintiff is entitled to compensatory, proximate, and punitive damages.

136. Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff is entitled to reasonable attorney's fees and costs against the Defendants.

**D. Fourth Cause of Action: Violation of the Fourth Amendment to the Constitution of the United States under 42 U.S.C. § 1983 for prolonged detention (against Defendant City of Las Vegas)**

137. Plaintiff repeats and realleges the above paragraphs as though they were fully set forth herein.

138. Plaintiff brings this cause of action against Defendant City of Las Vegas.

139. A government entity may be held liable for a violation of rights under 42 U.S.C. § 1983 when the government entity has a practice, policy, or custom which violates the constitutional rights at issue. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018 (1978).

140.    As outlined above, the Las Vegas City Deputy Marshals Office is a policing agency of limited jurisdiction and authority.

141.    Despite the Las Vegas City Marshals clearly limited scope of jurisdiction and authority, Defendant City of Las Vegas has instructed, trained, endorsed, and permitted the Marshal Defendants to engage in the unconstitutional policing described throughout this complaint and had and still has policies, procedures, and customs which endorse the Marshal Defendants unconstitutional policing described throughout this complaint.

142.    At all relevant times, Marshal Defendants acted pursuant to a policy or custom which instructed, allowed, and trained members of the Marshal Defendants to prolong traffic stops and other police activities exceeding the permissible scope of the Marshals authority.

143.    Defendants failed to adopt clear policies and failed to properly train members of the Las Vegas City Marshals as to their proper role as peace officers with limited jurisdiction.

144.    Defendant's policy or custom, and its failure to adopt clear policies and failure to properly train its officers, was a direct and proximate cause of the constitutional deprivations suffered by Plaintiff.

145.    Due to these failures by Defendant City of Las Vegas, Plaintiff was deprived of his constitutional right to be free from prolonged detention.

146.    Defendant Jopalian was a supervisor of Defendant Guzman at the time of the incident.

147.    Defendant Jopalian failed to remedy and halt the constitutional violations of Plaintiff once he arrived on the scene which constitutes ratification of the actions by the Las Vegas City Marshals.

148.    Defendant Hartz was a supervisor of Defendant Guzman at the time of the incident.

149.     Defendant Hartz, failed to remedy and halt the constitutional violations of Plaintiff once he arrived on the scene which constitutes ratification of the actions by the Las Vegas City Marshals.

150.     Upon information and belief, Defendant City of Las Vegas failed to reprimand Defendant Guzman for his actions during the incident.

151.     Plaintiff has suffered and continues to suffer mental anguish, physical and emotional distress, humiliation, and embarrassment as a direct result of Defendants' actions.

152.     As a direct and proximate result of Defendants' actions and inactions, Plaintiff has suffered physical and emotional injuries, has required medical treatment for those injuries, and will require medical treatment in the future. He has suffered past and present pain and suffering and will continue to suffer in the future.

153.     Plaintiff is entitled to compensatory, proximate, and punitive damages.

154.     Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff is entitled to reasonable attorney's fees and costs against the Defendants.

**E.   Fifth Cause of Action: Violation of the Fourth Amendment to the Constitution of the United States under 42 U.S.C. § 1983 for excessive force (against Marshal Defendants)**

155.     Plaintiff repeats and realleges the above paragraphs as though they were fully set forth herein.

156.     Plaintiff brings this cause of action against Marshal Defendants.

157.     42 U.S.C. § 1983 provides, in part, that "every person who, under color of any statute, ordinance, regulation, custom, or usage of any State of Territory subjects, or causes to be subjected, any person of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in any action at law, suit at equity or other proper proceedings."

158.    At all relevant times, Marshal Defendants acted under color of state law in their capacities as Las Vegas City Marshals.

159.    The Fourth Amendment guarantees the right to be free from excessive force. U.S. Const. amend IV.

160.    Force used by an officer is unreasonable in violation of the Fourth Amendment if it fails a standard of objective reasonableness. *Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 1871 (1989).

161.    The analysis requires a balancing of the extent of the force with the government interest at stake. *Drummond v. City of Anaheim*, 343 F.3d 1052, 1056 (9th Cir. 2003).

162.    The degree of force must be examined in light of the "severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Santos v. Gates*, 287 F.3d 846, 854 n.9 (9th Cir. 2002).

163.    Marshal Defendants pointed a firearm at Plaintiff, threatened Plaintiff, shoved a taser in Plaintiffs side, threw Plaintiff to the ground, torqued Plaintiffs arms in directions they were not intended to go, and otherwise applied force in the arrest of Plaintiff unreasonably in violation of the Fourth Amendment.

164.    In fact, no amount of force was reasonable for use against Plaintiff under the circumstances.

165.    At all times relevant to this Complaint, Plaintiff committed no crimes

166.    Any alleged crimes Defendants may have believed Plaintiff committed were not severe.

167.    Plaintiff posed no immediate threat to officers and others, and Plaintiff was complying and not actively resisting arrest or evading Marshal Defendants.

168.    Marshal Defendants' use of force against Plaintiff constitutes a substantial and aggressive use of force capable of inflicting significant pain and causing serious injury. This use of force was unjustified and unlawful.

169.    Marshal Defendants' use of force was without any legal basis as Marshal Defendants were acting outside the scope of their authority as peace officers with limited jurisdiction.

170.    Marshal Defendants intended to use their power and authority to bully and harass Plaintiff without justification or lawful reason.

171.    Plaintiff has suffered and continues to suffer mental anguish, physical and emotional distress, humiliation, and embarrassment as a direct result of Defendants' actions.

172.    As a direct and proximate result of Marshal Defendants' actions and inactions, Plaintiff has suffered physical and emotional injuries, has required medical treatment for those injuries, and will require medical treatment in the future. He has suffered past and present pain and suffering and will continue to suffer in the future.

173.    Plaintiff is entitled to compensatory, proximate, and punitive damages.

174.    Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff is entitled to reasonable attorney's fees and costs against the Defendants.

**F.  Sixth Cause of Action: Violation of the Fourth Amendment to the Constitution of the United States under 42 U.S.C. § 1983 for excessive force (against Defendant City of Las Vegas)**

175.    Plaintiff repeats and realleges the above paragraphs as though they were fully set forth herein.

176.    Plaintiff brings this cause of action against Defendant City of Las Vegas.

177.    A government entity may be held liable for a violation of rights under 42 U.S.C. § 1983 when the government entity has a practice, policy, or custom which violates the constitutional rights at issue. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018 (1978).

178.    As outlined above, the Las Vegas City Deputy Marshals Office is a unit of specialized policing consisting of peace officers with limited jurisdiction.

179.    Despite the Las Vegas City Marshals clearly limited scope of jurisdiction and authority, Defendant City of Las Vegas has instructed, trained, endorsed, and permitted the Marshal Defendants to engage in the unconstitutional policing described throughout this complaint and had and still has policies, procedures, and customs which endorse the Marshal Defendants unconstitutional policing described throughout this complaint.

180.    At all relevant times, Marshal Defendants acted pursuant to a policy or custom which instructed, allowed, and trained members of the Marshal Defendants to use excessive force and other police activities exceeding the permissible scope of the Marshals authority.

181.    Defendants failed to adopt clear policies and failed to properly train members of the Las Vegas City Marshals as to their proper role as peace officers with limited jurisdiction.

182.    Defendant's policy or custom, and its failure to adopt clear policies and failure to properly train its officers, was a direct and proximate cause of the constitutional deprivations suffered by Plaintiff.

183.    Due to these failures by Defendant City of Las Vegas, Plaintiff was deprived of his constitutional right to be free from prolonged detention.

184.    Defendant Japalian was a supervisor of Defendant Guzman at the time of the incident.

185.    Defendant Jopalian failed to remedy and halt the constitutional violations of Plaintiff once he arrived on the scene which constitutes ratification of the actions by the Las Vegas City Marshals.

186.    Defendant Hartz was a supervisor of Defendant Guzman at the time of the incident.

187.    Defendant Hartz failed to remedy and halt the constitutional violations of Plaintiff once he arrived on the scene which constitutes ratification of the actions by the Las Vegas City Marshals.

188.    Upon information and belief, Defendant City of Las Vegas failed to reprimand Defendant Guzman for his actions during the incident.

189.    Plaintiff has suffered and continues to suffer mental anguish, physical and emotional distress, humiliation, and embarrassment as a direct result of Defendants' actions.

190.    As a direct and proximate result of Defendants' actions and inactions, Plaintiff has suffered physical and emotional injuries, has required medical treatment for those injuries, and will require medical treatment in the future. He has suffered past and present pain and suffering and will continue to suffer in the future.

191.    Plaintiff is entitled to compensatory, proximate, and punitive damages.

192.    Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff is entitled to reasonable attorney's fees and costs against the Defendants.

## V.   CAUSES OF ACTION RELATED TO THE NEVADA CONSTITUTION

### A.  Seventh Cause of Action: Violation of the Nevada Constitution Article 1 § 18 for unreasonable search and seizures (against all Defendants)

193.    Plaintiff repeats and realleges the above paragraphs as though they were fully set forth herein.

194.    There is a private right of action for claims under the Nevada Constitution. *Mack v. Williams*, 522 P.3d 434, 451 (Nev. 2022).

195.    At all relevant times, Marshal Defendants acted pursuant to a policy or custom perpetrated by Defendant City of Las Vegas which instructed, allowed, and trained members of the Las Vegas City Marshals to conduct traffic stops and other police activities exceeding the permissible scope of the Marshals authority as detailed in Plaintiff's First Cause of Action, located in section (D)(i) of this complaint.

196.    At all relevant times, Marshal Defendants acted pursuant to a policy or custom perpetrated by Defendant City of Las Vegas which instructed, allowed, and trained members of the Las Vegas City Marshals to violate the constitutional rights of individuals.

197.    The State of Nevada and its political subdivisions have waived immunity to civil actions. NRS 41.031.

198.    Marshal Defendants were acting within the scope of their employment when they violated Plaintiffs constitutional rights.

199.    Therefore, Plaintiff brings this cause of action against all Defendants.

200.    Article 1, Section 18 of the Nevada Constitution protects individuals against unreasonable searches and seizures.

201.    Nevada's State Constitution contains provisions generally mirroring the Fourth Amendment of the U.S. Constitution, and at times provides additional protections. Nev. Const. art. 1, § 1, 9, 10 & 18; S.O.C., Inc. v. Mirage Casino-Hotel, 117 Nev. 403, 415, 23 P.3d 243, 251 (2001); Osburn v. State, 118 Nev. 323, 325 see State v. Bayard, 119 Nev. 241, 246 ("states may expand the individual rights of their citizens under state law beyond those provided under the Federal Constitution.").

202.    The actions and inactions discussed in the Plaintiff's First Cause of Action, located at section (D)(i) of this complaint, and Plaintiff's Second Cause of Action, located at section (D)(ii) of this complaint, outline a violation of Plaintiff's rights under the Nevada Constitution.

203.    Defendants deprived Plaintiff of his rights under the Nevada Constitution against unreasonable search and seizure when Marshal Defendants stopped, detained, searched, and arrested him, taking him to Las Vegas Detention Center without probable cause of a traffic violation.

204.    Defendants deprived Plaintiff of his rights under the Nevada Constitution against unreasonable search and seizure when Marshal Defendants stopped, detained, searched, and arrested him, taking him to Las Vegas Detention Center without reasonable suspicion of criminal activity.

205.    Defendants deprived Plaintiff of his rights under the Nevada Constitution against unreasonable search and seizure when Marshal Defendants stopped, detained, searched, and arrested him, taking him to Las Vegas Detention Center in excess of their jurisdiction.

206.    Defendants intended to use their power and authority to bully and harass Plaintiff without justification or lawful reason.

207.    Plaintiff has suffered and continues to suffer mental anguish, physical and emotional distress, humiliation, and embarrassment as a direct and proximate result of Defendants' actions.

208.    As a direct and proximate result of Defendants' actions and inactions, Plaintiff has suffered physical and emotional injuries, has required medical treatment for those injuries, and will require medical treatment in the future. He has suffered past and present pain and suffering and will continue to suffer in the future.

209.    Plaintiff is entitled to compensatory, proximate, and punitive damages.

210.     Plaintiff is entitled to reasonable attorney fees and costs against the Defendants.

**B. Eighth Cause of Action: Violation of the Nevada Constitution Article 1 § 18 for prolonged detention (against all Defendants)**

211.     Plaintiff repeats and realleges the above paragraphs as though they were fully set forth herein.

212.     There is a private right of action for claims under the Nevada Constitution and qualified immunity does not apply to these claims. *Mack v. Williams*, 522 P.3d 434, 451 (Nev. 2022).

213.     At all relevant times, Marshal Defendants acted pursuant to a policy or custom perpetrated by Defendant City of Las Vegas which instructed, allowed, and trained members of the Las Vegas City Marshals to conduct traffic stops and other police activities exceeding the permissible scope of the Marshals authority as detailed in Plaintiff's First Cause of Action, located in section (D)(i) of this complaint.

214.     At all relevant times, Marshal Defendants acted pursuant to a policy or custom perpetrated by Defendant City of Las Vegas which instructed, allowed, and trained members of the Las Vegas City Marshals to violate the constitutional rights of individuals.

215.     The State of Nevada and its political subdivisions have waived immunity to civil actions. NRS 41.031.

216.     Marshal Defendants were acting within the scope of their employment when they violated Plaintiffs constitutional rights.

217.     Therefore, Plaintiff brings this cause of action against all Defendants.

218.     Article 1, Section 18 of the Nevada Constitution protects individuals against unconstitutional prolonged detentions.

219.     The actions and inactions discussed in the Plaintiff's First Cause of Action, located at section (D)(i) of this complaint, and Plaintiff's Third Cause of Action, located at section (D)(iii) of this complaint, outline a violation of Plaintiff's rights under the Nevada Constitution.

220.     Marshal Defendants prolonged Plaintiff's traffic stop well beyond the time required to address any alleged traffic violations without any reasonable suspicion that any other crimes had been committed by Plaintiff.

221.     Defendants intended to use their power and authority to bully and harass Plaintiff without justification or lawful reason.

222.     Plaintiff has and will continue to suffer damages, and has suffered and continues to suffer mental anguish, physical and emotional distress, humiliation, and embarrassment as a direct and proximate result of Defendants' actions.

223.     As a direct and proximate result of Defendants' actions and inactions, Plaintiff has suffered physical and emotional injuries, has required medical treatment for those injuries, and will require medical treatment in the future. He has suffered past and present pain and suffering and will continue to suffer in the future.

224.     Plaintiff is entitled to compensatory, proximate, and punitive damages.

225.     Plaintiff is entitled to reasonable attorney's fees and costs against the Defendants.

### C.  Ninth Cause of Action: Violation of the Nevada Constitution Article 1 § 18 for excessive force (against all Defendants)

226.     Plaintiff repeats and realleges the above paragraphs as though they were fully set forth herein.

227.     There is a private right of action for claims under the Nevada Constitution and qualified immunity does not apply to these claims. *Mack v. Williams*, 522 P.3d 434, 451 (Nev. 2022).

228.    At all relevant times, Marshal Defendants acted pursuant to a policy or custom perpetrated by Defendant City of Las Vegas which instructed, allowed, and trained members of the Las Vegas City Marshals to conduct traffic stops and other police activities exceeding the permissible scope of the Marshals authority as detailed in Plaintiff's First Cause of Action, located in section (D)(i) of this complaint.

229.    At all relevant times, Marshal Defendants acted pursuant to a policy or custom perpetrated by Defendant City of Las Vegas which instructed, allowed, and trained members of the Las Vegas City Marshals to violate the constitutional rights of individuals.

230.    The State of Nevada and its political subdivisions have waived immunity to civil actions. NRS 41.031.

231.    Marshal Defendants were acting within the scope of their employment when they violated Plaintiffs constitutional rights.

232.    Therefore, Plaintiff brings this cause of action against all Defendants.

233.    Nevada's State Constitution contains provisions generally mirroring the Fourth Amendment of the U.S. Constitution, and at times provides additional protections. Nev. Const. art. 1, § 1, 9, 10 & 18; *S.O.C., Inc. v. Mirage Casino-Hotel*, 117 Nev. 403, 415, 23 P.3d 243, 251 (2001); *Osburn v. State*, 118 Nev. 323, 325; *see State v. Bayard*, 119 Nev. 241, 246 ("states may expand the individual rights of their citizens under state law beyond those provided under the Federal Constitution.").

234.    The Nevada Constitution guarantees the "right to be free from arbitrary governmental interference." Nev. Const. art. 1, § 1; see also Nev. Const. art. 1, § 6 (prohibiting cruel or unusual punishments). This includes the right to be free from excessive force. *DeCastro v. Las Vegas Metro. Police Dep't*, No. 2:23-cv-00580-APG-EJY, 2024 U.S. Dist. LEXIS 164883, at *37 (D. Nev. Sep. 12, 2024).

235.    The actions and inactions discussed in the Plaintiff's First Cause of Action, located at section (D)(i) of this complaint, and Plaintiff's Fourth Cause of Action, located at section (D)(iv) of this complaint, outline a violation of Plaintiff's rights under the Nevada Constitution.

236.    Marshal Defendants pointed a firearm at Plaintiff, threatened Plaintiff, shoved a taser in Plaintiffs side, threw Plaintiff to the ground, and otherwise applied force in the arrest of Plaintiff unreasonably in violation of Plaintiffs rights under the Nevada Constitution.

237.    In fact, no amount of force was reasonable for use against Plaintiff under the circumstances.

238.    At all times relevant to this Complaint, Plaintiff committed no crimes

239.    Any alleged crimes Defendants may have believed Plaintiff committed were not severe.

240.    Plaintiff posed no immediate threat to officers and others, and Plaintiff was complying and not actively resisting arrest or evading Defendants.

241.    Defendants' use of force against Plaintiff constitutes a substantial and aggressive use of force capable of inflicting significant pain and causing serious injury. This use of force was unjustified and unlawful.

242.    Defendants intended to use their power and authority to bully and harass Plaintiff without justification or lawful reason.

243.    Plaintiff has suffered and continues to suffer mental anguish, physical and emotional distress, humiliation, and embarrassment as a direct and proximate result of Defendants' actions.

244.    As a direct and proximate result of Defendants' actions and inactions, Plaintiff has suffered physical and emotional injuries, has required medical treatment for those injuries, and

1   will require medical treatment in the future. He has suffered past and present pain and suffering

2   and will continue to suffer in the future.

3        245.     Plaintiff is entitled to compensatory, proximate, and punitive damages.

4        246.     Plaintiff is entitled to reasonable attorney fees and costs against the Defendants.

5   **VI.   CAUSES OF ACTION RELATED TO TORTS**

6      **A.  Tenth Cause of Action: False arrest and imprisonment (against Marshal Defendants)**

7        247.     Plaintiff repeats and realleges the above paragraphs as though they were fully set

8   forth herein.

9        248.     "[L]iability attaches for concert of action if two persons commit a tort while acting

10  in concert with one another or pursuant to a common design." *Dow Chem. Co. v. Mahlum*, 114

11  Nev. 1468, 970 P.2d 98, 111 (Nev. 1998) (citation omitted), overruled in part on other grounds by

12  *GES, Inc. v. Corbitt*, 117 Nev. 265, 21 P.3d 11 (Nev. 2001).

13       249.     Marshal Defendants acted in concert with one another when they falsely arrested

14  and imprisoned Plaintiff.

15       250.     Plaintiff brings this claim against Marshal Defendants.

16       251.     False arrest and imprisonment is the act of restraining the liberty of another under

17  probable imminence of force without any legal cause or justification. *Garton v. Reno*, 102 Nev.

18  313, 315.

19       252.     Marshal Defendants forcibly and through the threat of additional force handcuffed,

20  transported, and restrained Plaintiff, not allowing Plaintiff to move without any legal cause or

21  justification.

22       253.     As a direct and proximate result of Marshal Defendants' false imprisonment and

23  arrest of Plaintiff, Plaintiff has suffered, is suffering, and will continue to suffer damages.

24

254.    Plaintiff is entitled to actual and foreseeable monetary damages as well as attorney fees and costs.

**B. Eleventh Cause of Action: False arrest and imprisonment (against Defendant City of Las Vegas)**

255.    Plaintiff repeats and realleges the above paragraphs as though they were fully set forth herein.

256.    "Nevada will hold an employer vicariously liable for an employee's intentional tort—even though it was outside the scope of employment—if that intentional tort was 'reasonably foreseeable under the facts and circumstances of the case considering the nature and scope of his or her employment.'" NRS 41.745(1).

257.    Marshal Defendants were acting directly under the scope of their employment with Defendant City of Las Vegas when the Marshal Defendants falsely arrested and imprisoned Plaintiff.

258.    Defendant City of Las Vegas should have reasonably foreseen that Marshal Defendants would engage in false arrests and imprisonments in the scope of the Marshal Defendants employment with Defendant City of Las Vegas.

259.    Defendant City of Las Vegas is vicariously liable for Marshal Defendants' false imprisonment and arrest of Plaintiff.

**C. Twelfth Cause of Action: Battery and Assault (against Marshal Defendants)**

260.    Plaintiff repeats and realleges the above paragraphs as though they were fully set forth herein.

261.    "[L]iability attaches for concert of action if two persons commit a tort while acting in concert with one another or pursuant to a common design." *Dow Chem. Co. v. Mahlum*, 114

Nev. 1468, 970 P.2d 98, 111 (Nev. 1998) (citation omitted), overruled in part on other grounds by GES, Inc. v. Corbitt, 117 Nev. 265, 21 P.3d 11 (Nev. 2001).

262.    Marshal Defendants acted in concert with one another when they battered and assaulted Plaintiff.

263.    Plaintiff brings this claim against Marshal Defendants.

264.    Intentionally and offensively touching a person who did not consent to the touching is a battery. *Humboldt Gen. Hosp. v. Sixth Judicial Dist. Court of Nev.*, 132 Nev. 544, 549.

265.    Assault mirrors battery but does not require physical contact but does require fear of physical harm. *Olivero v. Lowe*, 116 Nev. 395, 400.

266.    Claims of both civil assault and battery can recover for both the physical injuries as well as the mental and emotional injuries. Id. at 401.

267.    As a direct and proximate result of Marshal Defendants' battery and assault of Plaintiff, Plaintiff has suffered, is suffering, and will continue to suffer damages.

268.    Plaintiff is entitled to actual and foreseeable monetary damages as well as attorney fees and costs.

**D. Thirteenth Cause of Action: Battery and assault (against Defendant City of Las Vegas)**

269.    Plaintiff repeats and realleges the above paragraphs as though they were fully set forth herein.

270.    "Nevada will hold an employer vicariously liable for an employee's intentional tort—even though it was outside the scope of employment—if that intentional tort was 'reasonably foreseeable under the facts and circumstances of the case considering the nature and scope of his or her employment.'" NRS 41.745(1).

271.    Marshal Defendants were acting directly under the scope of their employment with Defendant City of Las Vegas when the Marshal Defendants battered and assaulted Plaintiff.

272.    Defendant City of Las Vegas should have reasonably foreseen that Marshal Defendants would batter and assault Plaintiff in the scope of the Marshal Defendants employment with Defendant City of Las Vegas.

273.    Defendant City of Las Vegas is vicariously liable for Marshal Defendants battery and assault of Plaintiff.

274.    Marshal Defendants were acting directly under the scope of their employment with Defendant City of Las Vegas when the Marshal Defendants intentionally inflicted emotional distress on Plaintiff.

**E. Fourteenth Cause of Action: Intentional infliction of emotional distress (against Marshal Defendants)**

275.    Plaintiff repeats and realleges the above paragraphs as though they were fully set forth herein.

276.    "[L]iability attaches for concert of action if two persons commit a tort while acting in concert with one another or pursuant to a common design." Dow Chem. Co. v. Mahlum, 114 Nev. 1468, 970 P.2d 98, 111 (Nev. 1998) (citation omitted), overruled in part on other grounds by GES, Inc. v. Corbitt, 117 Nev. 265, 21 P.3d 11 (Nev. 2001).

277.    Marshal Defendants acted in concert with one another when they intentionally inflicted emotional distress upon Plaintiff.

278.    Plaintiff brings this claim against Marshal Defendants.

279.    A party is liable for intentionally inflicting emotional distress if they engaged in extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress. Star v. Rabello, 625 P.2d 90, 91–92 (Nev. 1981).

280.    As a direct and proximate result of Marshal Defendants' intentional infliction of emotional distress upon Plaintiff, Plaintiff has suffered, is suffering, and will continue to suffer damages.

281.    Plaintiff is entitled to actual and foreseeable monetary damages as well as attorney fees and costs.

**F.  Fifteenth Cause of Action: Intentional infliction of emotional distress (against Defendant City of Las Vegas)**

282.    Plaintiff repeats and realleges the above paragraphs as though they were fully set forth herein.

283.    "Nevada will hold an employer vicariously liable for an employee's intentional tort—even though it was outside the scope of employment—if that intentional tort was 'reasonably foreseeable under the facts and circumstances of the case considering the nature and scope of his or her employment.'" NRS 41.745(1).

284.    Marshal Defendants were acting directly under the scope of their employment with Defendant City of Las Vegas when the Marshal Defendants falsely arrested and imprisoned Plaintiff.

285.    Marshal Defendants were acting directly under the scope of their employment with Defendant City of Las Vegas when the Marshal Defendants intentionally inflicted emotional distress on Plaintiff.

286.    Defendant City of Las Vegas should have reasonably foreseen that Marshal Defendants would intentional inflict emotional distress on Plaintiff in the scope of the Marshal Defendants employment with Defendant City of Las Vegas.

287.    Defendant City of Las Vegas is vicariously liable for Marshal Defendants intentional infliction of emotional distress of Plaintiff.

**G. Sixteenth Cause of Action: Negligent training and supervision (against Defendant City of Las Vegas)**

288.    Plaintiff repeats and realleges the above paragraphs as though they were fully set forth herein.

289.    Plaintiff brings this claim against Defendant City of Las Vegas.

290.    An employer must use reasonable care in the "training, supervision, and retention of [its] employees to make sure the employees are fit for their positions" otherwise they are negligent. *Hall v. SSF, Inc.*, 112 Nev. 1384, 1392, 930 P.2d 94, 98-99 (1996).

*291.*    An employer breaches their duty of care to a third-party by "training, retaining, and/or supervising an employee even though [employer] knew, or should have known, of the employee's dangerous propensities." *Id.*

*292.*    Defendant City of Las Vegas owed Plaintiff a duty to use reasonable care in the training, supervision, and retention of the City's employees by implementing policies and procedures designed to prevent wrongful acts committed by the City's employees such as the acts Marshal Defendants committed against Plaintiff.

*293.*    Defendant City of Las Vegas breached this duty and as a direct and proximate result of the City's negligence Plaintiff have suffered, is suffering, and will continue to suffer damages in an amount subject to proof.

*294.*    Plaintiff is entitled to compensatory damages from Defendant City of Las Vegas as well as attorney fees and costs.

**VII.    OTHER CAUSES OF ACTION**

**A. Seventeenth Cause of Action: Request for attorney fees as special damages**

295.    Plaintiff repeats and realleges the above paragraphs as though they were fully set forth herein.

296.   Following a successful claim for injunctive or declaratory relief, a Plaintiff may recover attorney fees and costs as special damages if properly pled and if the claims were necessitated by Defendant's bad faith conduct. *Sandy Valley Assocs. v. Sky Ranch Estates Owners Ass'n*, 117 Nev. 948, 958, 35 P.3d 964, 970 (2001).

297.   Defendant City of Las Vegas knew or should have known that the Marshal Defendants were operating outside of their legal jurisdiction.

298.   Defendant City of Las Vegas, on its website for the Las Vegas City Marshals,

299.   Despite this, in bad faith, Defendant City of Las Vegas continued to sanction and conduct extraterritorial policing which violated Nevada law.

300.   Had Defendant City of Las Vegas not conducted extraterritorial policing, Plaintiff would not need to seek injunctive or declaratory relief and contract with an attorney to pursue said relief.

301.   Therefore, Plaintiff is entitled to attorney fees and costs as special damages.

## VIII.   PRAYER FOR RELIEF

Petitioner requests relief in the following forms:

A.  For general and compensatory damages in excess of $500,000;

B.  For special damages in excess of $500,000;

C.  For pre-and post-judgment interest, at the highest rate allowable by law;

D.  For reasonable attorneys' fees and costs of suit;

E.  Declaratory and injunctive relief including but not limited to orders and findings that:

- The Las Vegas City Marshal's office is a unit of specialized law enforcement consisting of peace officers with limited jurisdiction;

- State and local law limits the jurisdiction of the Las Vegas City Marshals to policing actions on government controlled or owned property. NRS 280.125; LVMC 2.28.080.

- The City of Las Vegas, through the Las Vegas City Marshals, has exceeded the scope of its authority in multiple instances, one such instance being the incident outlined in this complaint;

- The City of Las Vegas, through the Las Vegas City Marshals, cannot exceed the scope of its jurisdiction and must cease conducting traffic stops outside of property owned or managed by the City of Las Vegas.

F.  Reasonable costs and attorney's fees incurred in litigating for the declaratory and injunctive relief following Defendant's bad faith conduct;

G.  For any such relief this Court deems just and proper.


Dated May 30, 2025.


AMERICAN CIVIL LIBERTIES
UNION OF NEVADA

_____

Jacob T. S. Valentine (NV Bar No. 16324)
Christopher M. Peterson (NV Bar No. 13932)
4362 W. Cheyenne Ave.
North Las Vegas, NV 89032
Telephone: (702) 366-1226
Email: jvalentine@aclunv.org
        peterson@aclunv.org
*Attorneys for Petitioner*

# JURY DEMAND

**Please take notice** that Plaintiff, by and through his undersigned attorneys, hereby requests a jury trial of all issues in the above-referenced matter.


Dated May 30, 2025.

**AMERICAN CIVIL LIBERTIES UNION OF NEVADA**

_____
Jacob T. S. Valentine (NV Bar No. 16324)
Christopher M. Peterson (NV Bar No. 13932)
4362 W. Cheyenne Ave.
North Las Vegas, NV 89032
Telephone: (702) 366-1226
Email: jvalentine@aclunv.org
        peterson@aclunv.org
*Attorneys for Petitioner*
